SEALED

# UNITED STATES DISTRICT COURT
## for the
## District of Arizona

| | |
|---|---|
| United States of America<br><br>v.<br><br>Mohamed Abukar Aden | No. 19-9166 MJ<br><br>CRIMINAL COMPLAINT |

I, the undersigned complainant, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

## COUNT 1

On or about August 10, 2017, in the County of Maricopa in the District of Arizona, MOHAMED ABUKAR ADEN, with the intent to avoid a transaction reporting requirement under federal or state law, did knowingly conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce at Olympic Financial Group's Amal Express money remitter store in Phoenix, Arizona, involving property represented by another person, Person A, who acted at the direction of a Federal official authorized to investigate or prosecute violations of this section, to be proceeds of specified unlawful activity, to wit: $9,500 U.S. currency - drug proceeds, in violation of Title 18 U.S.C. § 1956(a)(3)(C).

I further state that I am a Special Agent with the Federal Bureau of Investigation and that this complaint is based on the following facts:

**See Attached Statement of Probable Cause Incorporated By Reference Herein.**

Continued on the attached sheet and made a part hereof:  ☒ Yes  ☐ No

AUTHORIZED BY: Kristen Brook, AUSA /KB/

_____
Signature of Complainant

Bruce A. Keefer, Special Agent, FBI
Printed Name and title

Sworn to before me and signed in my presence.

Date: 4/19/2019

_____
Judge's Signature

City and State:  Phoenix, Arizona

Honorable Eileen S. Willet
United States Magistrate Judge

## STATEMENT OF PROBABLE CAUSE

I, Bruce A. Keefer, being first duly sworn, hereby depose and state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation (hereafter "FBI"). As such, your Affiant is an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code (U.S.C.), Section 2510 (7) and empowered by law to conduct investigations and make arrests for offenses enumerated in Title 18, United Sates Code, Section 3052.

2. Your Affiant has been a Special Agent with the FBI since September 2018. Prior to becoming a Special Agent with the FBI, your Affiant was an Infantry Officer with the United States Army. Your Affiant was a member of the United States Army from May of 2010 to December of 2016. At the onset of becoming a Special Agent, your Affiant attended the FBI training academy located in Quantico, Virginia. While at the FBI training academy, your Affiant received formal training in investigative techniques, firearm and narcotic identification, and the laws pertaining to narcotics and firearm-related investigations. Your Affiant has received on-the-job training from supervisors, senior agents and detectives regarding manner in which firearms and drugs are trafficked. Currently, your Affiant is assigned to the FBI Phoenix Division. Among his duties, your Affiant is now responsible for assisting in the captioned investigation.

3. Through my experience and training, I know that it is a felony offense for any person to engage or attempt to engage in a financial transaction with money or other property provided by a federal agent or someone working for the agent that is represented to be proceeds of a specified unlawful activity with the intent to avoid reporting requirements, according to Title 18 U.S.C. § 1956 (a)(3)(C).

4. This affidavit is made in support of a criminal complaint for, MOHAMED ABUKAR ADEN for a violation of Title 18 U.S.C. § 1956(a)(3)(C) – intentionally avoiding transaction reporting requirements under federal and state law. The statements contained in this affidavit are based on your Affiant's training and experience as a Special Agent as well as information provided to your Affiant by

1

other agents of the FBI, other law enforcement officers, and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and does not set forth all of your affiant's knowledge about this matter.

5. FBI Special Agents and Task Force Officers managed controlled currency transactions inside the Olympic Financial Group (OFG), a.k.a. Amal Express located in the 5000 block of E. McDowell Road, Phoenix, Arizona, utilizing a FBI Confidential Human Source (CHS) who acted at their direction. During these transactions the CHS interacted with Mohamed Abukar Aden (hereinafter Aden) while inside OFG and successfully sent U.S. currency to Chicago, IL where it was later received by Person B. Aden, the manager and operator of Amal Express at the Phoenix location, would conduct the transactions using the business computer and provide the CHS with receipts and send the CHS and the Person B text messages with instructions on how to collect the money in Chicago.

6. The CHS has six criminal felony convictions, which were punishable by a term of imprisonment exceeding one year, for offenses to include theft, drug and violent crimes. CHS's last criminal conviction was over a decade ago and the CHS has been a source for the FBI for nearly 10 years. CHS has been paid approximately $200,000 from the FBI for this work. During this time, the FBI have reprimanded CHS for not following authorization protocols. In 2018, CHS self-reported to the FBI (and subsequently was the subject of a federal criminal investigation) that he had handled and shot firearms while being a prohibited possessor. The CHS is a convicted felon and has not had his rights restored. This situation was wholly unrelated to the investigation in this case, and the criminal investigation of the CHS was not handled by the PHX USAO. The case was declined and not charged based on insufficient evidence.

7. The transactions discussed in this affidavit, related to this complaint were <u>both</u> video and audio recorded and have been transcribed and reviewed by your Affiant.

2

8. On August 10, 2017, CHS at the direction of FBI Special Agents and Task Force Officers conducted a controlled currency transaction inside Amal Express. At the direction of handling agents, CHS entered Amal Express and interacted with Aden. Aden was sitting behind the business counter, behind the computer. CHS stated to Aden that he wanted to send $10,500 to his guy, Person B. The conversation was recorded:

> **Aden**: "How much?"
> **CHS**: "Ten thousand five hundred. How much you gonna charge me?"
> **Aden**: "Ten thousand. They don't allow ten thousand five hundred. Maybe you can send some today, some tomorrow. They don't allow one transaction."
> **CHS**: "Nine thousand five hundred. And how much you gonna charge me for that?"
> **Aden**: "I don't know let me check. What's your number?"

The CHS provided Aden his telephone number, which Aden used to complete a search in his computer for the information the CHS previously provided to Aden during the July 24, 2017 transaction. Aden told the CHS he would send $9,500 for the CHS. Aden told the CHS he would be charged $380.00 to send the money and the CHS asked:

> **CHS**: "Its drug money it ain't traceable, is it?"
> **Aden**: "Huh?"
> **CHS**: "This ain't traceable is it?"
> **Aden**: "Yeah it's traceable. They can trace it now, but don't do too much."
> **CHS**: "Alright, alright. But you ain't gonna tell him like what it's for?"
> **Aden**: "No I don't know. Whatever you tell me, that's what I tell them or like I put family support if you want, we can put something else."
> **CHS**: "Alright"
> **Aden**: "Do you want to put something else or family support?"
> **CHS**: "Put family but this is from, uh, my hustling man."
> **Aden**: "No. I said family support."

The CHS handed Aden $9500 plus the $380 commission and an extra $50 for Aden, which Aden collected while asking the CHS to let him finish completing the

3

necessary transaction documentation on the computer. The CHS explained to Aden that the money he gave to Aden was drug money:

> **CHS**: "Look, look, look, check it out. It's drug money." Just keep you know keep it quiet, keep it quiet."
> **Aden**: "I am not gonna tell anybody."
> **CHS**: "Okay."

9. On August 10, 2017 during this same transaction, the CHS asked Aden what would happen if he had sent over ten thousand dollars and Aden responded by telling the CHS that could arouse suspicion, which may prompt an investigation therefore the CHS should find someone else to send the money on behalf of the CHS:

> **CHS:** "So what if I would have sent over ten?"
> **Aden:** "Pay somebody, but don't say I told you. Pay someone else. Get them to send it for you.

Aden confirmed the CHS's associate would receive the $9,500. Aden then provided the CHS with a computer generated paper transaction receipt and told the CHS the money would be available in approximately two hours:

> **CHS:** "So, I'm going to make sure that the money is there in maybe two hours or so before they close."

The CHS received a text message with instructions on how to collect the $9,500. On August 14, 2017, the Person B successfully retrieved the $9,500 in Chicago, IL from the Chicago Amal Express and was provided with a computer generated paper transaction receipt.

10. Financial Crimes Enforcement Network (FINCEN), administers entities that register as money service businesses (MSBs) pursuant to Bank Secrecy Act regulations. FINCEN registrations searched on April 15, 2019 showed that Olympic Financial Group Inc, 325 Cedar Avenue South, Suite 7, Minneapolis, Minnesota 55454, is registered as an authorized money transmitter permitted to operate in Arizona, Colorado, Illinois, Minnesota, Nebraska, North Dakota, South Dakota, Vermont, Washington, and Wisconsin. The most recent authorization date was December 26, 2017. Olympic Financial Group Inc., is doing business as Amal

4

Express in the 5000 block of E. McDowell Road, Phoenix, Arizona. At all points discussed in this affidavit, Amal Express / Olympic Financial Group was an MSB Registered and authorized money transmitter permitted to operate in Arizona and Illinois, and a financial institution defined under Title 31 U.S.C. § 5312(a)(2).

## CONCLUSION

11. For these reasons, your Affiant submits that there is probable cause to believe that on August 10, 2017, MOHAMED ABUKAR ADEN with the intent to avoid a transaction reporting requirement under federal or state law, did knowingly conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce at Olympic Financial Group's Amal Express money remitter store in Phoenix, Arizona, involving property represented by another person, Person A, who acted at the direction of a Federal official authorized to investigate or prosecute violations of this section, to be proceeds of specified unlawful activity, to wit: $9,500 U.S. currency - drug proceeds, in violation of Title 18 U.S.C. § 1956(a)(3)(C).

Bruce A. Keefer
Federal Bureau of Investigation

Dated this ___19___ of April, 2019

The Honorable Eileen S. Willett
United States Magistrate Judge